# MCKOOL SMITH

Christopher P. Johnson
Direct Dial:  (212) 402-9416
cpjohnson@McKoolSmith.com

One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

July 27, 2020

**VIA ECF**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

> RE:   *U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company & GS Mortgage Securities Corp.*
> (Case No. 1:19-cv-02307) ("*HE2*") [rel. 1:19-cv-02305 ("*HE1*")[1]]

Dear Judge Nathan:

On behalf of U.S. Bank National Association, in its capacity as trustee (the "Trustee") of the GSAMP 2007-HE2 Trust (the "*HE2* Trust"), we respond to Defendants' July 13, 2020 letter motion (the "*HE2* Ltr.") to dismiss the Trustee's May 29, 2020 complaint (the "*HE2* Complaint," Dkt. No. 29).

As Sponsor of the *HE2* Trust, Goldman Sachs Mortgage Company ("GSMC") obligated itself to cure or repurchase loans that do not comply with its representations and warranties and, because GSMC failed to do so, the Trustee can enforce that obligation on behalf of the Trust and its investors.  As in *HE1*, however, Defendants argue that four words in Section 2.07 of the *HE2* Pooling and Servicing Agreement (the "*HE2* PSA," Dkt. No. 29-1) – "with the Depositor's consent" – give GSMC affiliate GS Mortgage Securities Corp. ("GS Securities") veto power over any such enforcement.  This is wrong as a matter of law for all the reasons the Trustee explained in its *HE1* Opposition to Defendants' *HE1* MTD.  (*See generally* 1:19-cv-2305, Dkt. No. 40 § I at 8-20.)[2]  In addition to rendering particular clauses of the PSA meaningless, Defendants' argument would eviscerate any remedy for the Trust, thereby rendering all of GSMC's representations and warranties worthless and depriving investors of the benefit of their bargain.[3]  Defendants' "Depositor's consent" argument simply makes no sense.

---

[1]  *HE1* refers to the related action *U.S. Bank N.A., as Trustee for GSAMP Trust 2007-HE1 v. Goldman Sachs Mortgage Co., L.P. & GS Mortgage Securities Corp.*, No. 1:19-cv-02305.

[2]  Indeed, by repeating their "Depositor's consent" argument, Defendants' *HE2* Letter violates the July 10, 2020 Stipulation and Order Regarding Briefing of Defendants' Motion To Dismiss (Dkt. No. 43), where Defendants stipulated to both i) applying their *HE1* motion to dismiss (the "*HE1* MTD") briefing here and ii) making "only … arguments not raised in the [*HE1* MTD] briefing."  (Dkt. No. 43 ¶¶ 1-2.)

[3]  The Trustee's ability to enforce GSMC's repurchase obligation is especially important here, where more than 70% of the *HE2* Trust's loans were originated by NC Capital Corporation, a subsidiary of New Century Financial Corporation, which filed for bankruptcy protection prior to the closing of the *HE2* Trust.  (*See HE2* Complaint ¶ 35.)

**McKool Smith**
A Professional Corporation • Attorneys
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC**

More specifically, Defendants merely used their *HE2* Letter to take another crack at the Trustee's Opposition to the *HE1* MTD – arguments Defendants had already addressed in their *HE1* Reply.  The predicate for Defendants' "second bite at the apple" is that the *HE2* Complaint alleges facts the Trustee cited in opposition to the *HE1* MTD.  (*HE2* Ltr. at 1-2.)  As the Court will recall, Defendants' *HE1* MTD improperly went well beyond the pleadings, introducing extraneous facts from a Minnesota "trust instruction proceeding" and making misleading arguments regarding those facts.  (*See HE1* Opposition, 1:19-cv-2305, Dkt. No. 40 at 3-7 & 8-9.)  After Defendants themselves had opened the door to extra-pleading facts, the Trustee corrected the record.[4]  (*Id.*)  Thus, for example, when Defendants went outside the *HE1* pleadings to assert that "the Trustee requested the Depositor's consent" (*see HE1* MTD, 1:19-cv-2305, Dkt. No. 32 at 5 (citing Ex. A to Jacobsen Decl. to *HE1* MTD, Dkt. No. 33-1 ¶ 14)), the Trustee responded by disclosing GS Securities' May 22, 2019 letter to the Trustee, where GS Securities stated with respect to each of the *HE1* and *HE2* Trusts that:

> Section 2.07 of the [*HE1* and *HE2* PSAs] states that the Trustee cannot prosecute the Putback Actions **using funds from the Collection Accounts** without the Depositor's consent.  The Depositor hereby states, unequivocally, that **it does not consent to the use of Collection Account funds** to prosecute the Putback Action.

(*HE1* Opposition, 1:19-cv-2305, Dkt. No. 43 at 3-7, 8-9 & Dkt. No. 41-3 at 6) (emphasis added).  As the Trustee explained, this response renders Defendants' "Depositor's consent" argument wholly disingenuous.  (*See id.*)  While Defendants now argue, as a litigation strategy, that the "Depositor's consent" phrase relates broadly to the Trustee's ability to enforce GSMC's representations and warranties, the May 22nd letter confirms that, according to the Depositor itself, the phrase relates only to the use of Trust funds to **pay** for litigation and not to the Trustee's ability to **pursue** litigation.  (*See id.*)[5]

Having used the *HE2* Complaint's inclusion of such facts as their pretext for a "second bite," Defendants make six arguments.  Because each merely repeats an argument Defendants made in their *HE1* MTD, the Trustee respectfully directs the Court to its *HE1* Opposition.

---

[4]  In their *HE2* Letter, Defendants call the Trustee's response to Defendants' extra-pleading facts "procedurally improper."  (*HE2* Ltr. at 2 n.2.)  This is both incorrect and an unauthorized supplementation of their *HE1* briefing.

[5]  Defendants' *HE1* Reply contended that GS Securities' letter related to the "limited context" of a trust instruction proceeding "seeking approval to prosecute putback actions 'using funds from the Trusts' Collection Accounts.'"  (*HE1* Reply, 1:19-cv-2305, Dkt. No. 43 at 5.)  That is false.  The trust instruction petition that Defendants put into the record sought court approval **either** to use Trust funds to prosecute the action **or to dismiss the action**.  (Ex. A to Jacobsen Decl. to *HE1* MTD, 1:19-cv-2305, Dkt. No. 33-1 at ¶¶ 16, 17, 23, 25, and Request for Relief ¶ (c)(ii).)  If the Depositor had truly believed that PSA Section 2.07 gave it the right to block the *HE1* action wholesale, resulting in its dismissal, the Depositor would have asserted that position in the trust instruction proceeding and rendered the use of Trust funds irrelevant.

Realizing that the *HE1* MTD had opened the door to facts that gut their argument, Defendants' *HE1* Reply also sought to backtrack, contending that "Defendants did not and do not now ask the Court to rely on anything in those public filings in deciding this motion."  (1:19-cv-2305, Dkt. No. 43 at 5 n.6.)  This, too, is false.  Defendants' *HE1* MTD specifically argued that "Counts I – IV must be dismissed" "because the Depositor has exercised its unrestricted right to decline the consent necessary for the Trustee to sue."  (1:19-cv-2305, Dkt. No. 32 at 2.)  The only "fact" remotely supporting the contention that the Depositor had affirmatively "decline[d]" any consent is GS Securities' failure to respond to the Trustee's request.  That is an extra-pleading fact for which Defendants cited the trust instruction proceeding petition.  (*Id.* at 5.)

     **1.**  As in *HE1*, Defendants argue that the "Depositor's consent is … a condition precedent to any Trustee-initiated action for breach of either PSA." (*HE2* Ltr. at 4; *see also* 1:19-cv-2305, Dkt. No. 43, *HE1* Reply § II.A at 2-4.)  This is wrong as a matter of law, because – in contrast to other parts of the PSA – the "Depositor's consent" phrase lacks "unmistakable language" that the parties intended the occurrence of an event to be a condition, such as "if," "on condition that," "provided that," "in the event that," or "subject to." (*See HE1 Opposition*, 1:19-cv-2305, Dkt. No. 40 § I.A at 9-11.)  Moreover, even if, *arguendo*, the phrase could be read to require consent before the Trustee could sue, the Trustee adequately alleged such consent under Fed. R. Civ. P. 9(c) and GS Securities already provided such consent (*see id.* at 11-12; *HE2* Complaint ¶¶ 73-74 & 80-81).  Finally, any consent requirement is excused by GS Securities' breach of PSA Section 2.01's "reasonable assistance" clause and its breach of the implied covenant of good faith and fair dealing.  (*See HE1 Opposition*, 1:19-cv-2305, Dkt. No. 40 § I.A.2 at 13-16.)

     **2**.  Defendants' *HE2* Letter takes the unusual step of denying the Trustee's allegations, stating that the "Depositor repeatedly confirmed that it does not consent to the Trustee's suit." (*HE2* Ltr. at 3.)  Defendants do not cite a single fact in support of that false statement (*id.*; *see supra* at 2 & n.5), but, regardless, asserting such a factual dispute provides no basis for dismissal. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor").  Moreover, this is not a case of inferring contractual waiver "from mere silence." (*HE2* Ltr. at 3.)[6]  Rather, as explained in the Trustee's *HE1* Opposition (1:19-cv-2305, Dkt. No. 40 at 8-9 & 11-13) and the *HE2* Complaint, GS Securities demonstrated its consent in numerous ways, including with affirmative actions:

- when the Trustee enforced the rights of the *HE1* and *HE2* Trusts under Section 2.07 by sending each Defendant separate Pre-Complaint Breach Notices for each Trust, the Depositor never even suggested that its consent was required before the Trustee could enforce those rights (*HE2* Complaint ¶ 63; *see HE1* Opposition at 12-13);

- when the Trustee requested that GS Securities confirm its consent to the commencement of litigation in each action (to the extent any such consent was required) and specifically advised GS Securities that a failure to respond by a date certain would be deemed a confirmation of consent, GS Securities failed to respond by the deadlines (*id.*);

- as noted above, in GS Securities' May 22, 2019 letter for each of *HE1* and *HE2*, GS Securities affirmatively objected under PSA Section 2.07 only to the Trustee's use of Trust funds to pay for litigation, but never asserted any objection to the Trustee's commencement of the *HE1* and *HE2* litigations (*id.*);

---

[6]  On this point, Defendants cite *NHD Nigani, LLC v. Angelina Zabel Properties, Inc.*, 161 A.D.3d 758 (2d Dep't 2018), and *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York*, 735 F. Supp. 2d 42 (S.D.N.Y. 2010), but neither is apposite.  *Nigani* involved a lease with a clause requiring written notice, and the Second Department held that an allegation that defendants did not later expressly "state" they required strict compliance with that clause (as opposed to a verbal notice) was insufficient to establish waiver.  161 A.D.3d at 760-61.  In *Travelers*, meanwhile, there was no waiver where defendant "expressly reserv[ed] … its contractual rights" in writing for "all but one of the twelve change orders" at issue.  735 F. Supp. 2d at 67.  These cases are a far cry from the facts alleged in the *HE2* Complaint and discussed below.  (*See infra* 3-4.)

- GS Securities affirmatively invoked this Court's jurisdiction for each action through the "snap" removal procedure before it was served with any summons and did so without even trying to preserve any "Depositor's consent" argument (*id.*; Dkt. No. 1); and

- despite having had notice of trust instruction proceedings addressing possible dismissal of each of the *HE1* and *HE2* actions (the "*HE1* and *HE2* TIPs"), GS Securities sat out those proceedings. (*HE2* Complaint ¶ 63; *see HE1* Opposition at 12-13; 1:19-cv-2305 Dkt. No. 33-2 ¶¶ 18; 24 (GS Securities did not respond to *HE1* TIP petition and did not appear in proceeding); Ex. A hereto, *HE2* TIP Order ¶ 26 ("The Depositor has not entered an appearance in this [*HE2* TIP]")[7]; *see also* 1:19-cv-2305, Dkt. No. 43 at 8-9 & May 22nd letter, Dkt. No. 41-3 at 6 (demonstrating GS Securities' notice of the *HE1* and *HE2* TIPs).)

**3.**  As in *HE1*, Defendants' "Depositor consent" argument hinges on the erroneous conclusion that GS Securities has "unrestricted consent rights that may be withheld for any reason." (*HE2* Ltr. at 1-3; *see also* 1:19-cv-2305, Dkt. No. 32, *HE1* MTD § I.A at 7-9.)  The Trustee rebutted this precise argument – and the cases Defendants' *HE2* Letter cites for it – on pages 8 through 20 of the Trustee's *HE1* Opposition. (1:19-cv-2305, Dkt. No. 40.)  As the Trustee demonstrated, Defendants' interpretation would both frustrate the transaction's purpose, is inconsistent with the rest of the PSA, and would deprive Section 2.07 and other PSA Sections of any meaning, as Defendants' interpretation would effectively deprive the Trustee of a meaningful way to enforce GSMC's contractual obligations. (*See id.* at 16-20.)  Moreover, even if GS Securities could be deemed to have had a consent right, any such right was not "unconditional" – because GS Securities agreed in PSA Section 2.01 to "use reasonable efforts to assist the Trustee in enforcing [GSMC's] obligations."[8] (*Id.* at 14; *HE2* PSA § 2.01 at 70.)

**4.**  As in *HE1*, Defendants argue that the Depositor's broad Section 2.01 obligation to "assist the Trustee in enforcing the obligations of [GSMC] under the Representations and Warranties Agreement [the "RWA"]" is somehow limited only to providing assistance with delivering documents. (*HE2* Ltr. at 3-4, *see also* 1:19-cv-2305, Dkt. No. 32, *HE1* MTD § I.B at 10-12 & Dkt. No. 43, *HE1* Reply § II.C at 6-8.)  The Trustee refuted this argument in Section I.A.2 at pages 13 through 16 of its *HE1* Opposition. (*See* 1:19-cv-2305, Dkt. No. 40.)  The actual words in the *HE2* PSA's broad "reasonable assistance" clause, like those in the *HE1* PSA, simply do not limit GS Securities' "reasonable assistance" obligation to the "delivery of

---

[7] Exhibit A hereto is the May 21, 2020 order issued by the District Court, Second Judicial District, State of Minnesota, County of Ramsey in the TIP bearing the caption In the matter of GSAMP Trust 2007-HE2, No. 62-TR-CV-19-16 (the "*HE2* TIP Order").  The *HE2* TIP Order is cited in paragraph 63, footnote 7, of the Trustee's Complaint. (Dkt. No. 29.)  According to the Minnesota Judicial Branch, the *HE2* TIP Order is available for electronic access at Minnesota district courthouses through public access terminals. (*See* "At the Courthouse" http://www.mncourts.gov/Access-Case-Records.aspx.)

[8] Defendants' attempt to use PSA Section 9.10 to distinguish between "restricted" and "unrestricted" consent rights (*HE2* Ltr. at 4) backfires on them.  As demonstrated in the Trustee's *HE1* Opposition, the only relevance of that provision here is to show how the drafters imposed a condition precedent when they intended to do so. (*See HE1* Opposition, 1:19-cv-2305, Dkt. No. 40 at 10 n.5.)  Accordingly, PSA Section 9.10 only highlights that the "Depositor's consent" phrase is **not** a condition precedent. (*See id.* § I.A at 9-16.)

mortgage documents."  Instead, that obligation to assist extends to *all* of the Sponsor's obligations under the RWA.[9]  (*See id.* at 13-16; *HE2* Complaint ¶ 43.)

**5.**  As in *HE1*, Defendants argue that the Trustee's "reasonable assistance" allegations contradict the Trustee's allegations that the Depositor confirmed any consent that might have been required.  (*HE2* Ltr. at 3; *see also* 1:19-cv-2305, Dkt. No. 32, *HE1* MTD at 12-13 & Dkt. No. 43, *HE1* Reply at 9.)  The Trustee rebutted this argument in Section I.D on page 20 of its *HE1* Opposition.  (*See* 1:19-cv-2305, Dkt. No. 40.)  There is nothing inconsistent about these allegations, as even GS Securities' joining in a motion to dismiss the Trustee's claims against GSMC violates GS Securities' "reasonable assistance" obligations.  But even if the Trustee's allegations were inconsistent, Fed. R. Civ. P. 8(d) expressly permits alternative allegations.  *See Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) (Fed. R. Civ. P. 8 allows a plaintiff to "plead two or more statements of a claim, even within the same count, regardless of consistency" and that "inconsistency may lie ... in the statement of the facts or in the legal theories adopted") (analyzing former Fed. R. Civ. P. 8(e), the substance of which is now in Fed. R. Civ. P. 8(d)).[10]

**6.**  Finally, Defendants argue in a footnote that the Trustee's breach of contract claim against the Depositor and punitive damages and attorneys' fees claims should be dismissed for the same reasons Defendants argued in *HE1*.  (*HE2* Ltr. 4 at n.3.)  Those arguments should be rejected for the reasons set forth in Sections I.D and II of the Trustee's *HE1* Opposition.  (*See* 1:19-cv-2305, Dkt. No. 40 at 20-25.)

For the foregoing reasons, and those stated in the Trustee's *HE1* Opposition, Defendants' motion to dismiss the Trustee's *HE2* Complaint should be denied.

Respectfully Submitted,

/s/  Christopher P. Johnson

Christopher P. Johnson

cc: Counsel for Defendants via ECF

---

[9]  Defendants' citations to *Givati v. Air Techniques, Inc.*, 104 A.D.3d 644 (2d Dep't 2013), and *Int'l Fid. Ins. Co. v. Cty. of Rockland*, 98 F. Supp. 2d 400 (S.D.N.Y. 2000), further support the Trustee.  (*See HE2* Ltr. at 4.)  The reasonable assistance clause is in PSA Section 2.01, where GS Securities also transferred to the Trustee "all [GS Securities'] right title and interest" in the "Trust Fund," which includes, without any limitation, the "Trust's rights under the [RWA]."  (*HE2* Complaint ¶¶ 30-31; *HE2* PSA § 2.01 at 68 & "Trust Fund" definition (vi) at 66; *see also HE1* Opposition, 1:19-cv-2305, Dkt. No. 40 at 19-20.)  The RWA rights transferred to the Trustee include what had been GS Securities' rights to enforce GSMC's obligation to cure or repurchase loans that do not comply with GSMC's representations and warranties.  (*Id.*)  The Trustee's reasonable assistance allegations are thus not "isolated from the context" of Section 2.01.  *Givati*, 104 A.D.3d at 645.  And, the PSA simply does not limit GS Securities' obligations to solely document delivery obligations.  *Int'l Fid. Ins. Co.*, 98 F. Supp. 2d at 412 (sophisticated lawyers are "presumed to know … how to use different words … to establish distinctions in meaning.").

[10]  *Optima Media Grp. Ltd. v. Bloomberg L.P.*, 383 F. Supp. 3d 135, 144 (S.D.N.Y. 2019), which Defendants cite for their contrary proposition, is easily distinguishable (*see HE2* Ltr. at 3) as the *Optima* plaintiff made inconsistent allegations in its fraudulent inducement claim, thereby violating Fed. R. Civ. P. 9(b)'s particularity requirements.