|  |  |
|---|---|
| USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 4/14/243 | Index No. 1:19-cv-02305<br>[rel. 1:19-cv-02307] |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, as Trustee :     Index No. 1:19-cv-02305 (AJN)
for GSAMP TRUST 2007-HE1,                                :     [rel. 1:19-cv-02307]
                                                                :
                                       Plaintiff,    :
                          -v-                             :
                                                                :     CIVIL CASE
GOLDMAN SACHS MORTGAGE COMPANY and GS    :     MANAGEMENT PLAN
MORTGAGE SECURITIES CORP.,                           :     AND SCHEDULING
                                                                :     ORDER
                                        Defendants.    :

------------------------------------------------------X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [have ☐ / have not ☑] taken place.

3. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. **[For F.L.S.A. actions only]**

    The plaintiff(s) [do ☐ / do not ☐] anticipate moving for conditional certification of this case as a collective action.

    The defendant(s) [will ☐ / will not ☐] stipulate to conditional certification.

    [If defendant(s) will not stipulate to conditional certification:]

         Proposed briefing schedule:

             Opening: _____

             Opposition: _____

             Reply: _____

    [Opening brief to be filed no later than 30 days from the date of the initial pretrial conference; full briefing to be completed within 30 days of the opening brief]

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **N/A – the parties have already served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).** days from the date of this Order. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7. All fact discovery is to be completed no later than **15 months from the February 26, 2021 pretrial conference (May 26, 2022), except that party "Loan Document" discovery is to be substantially completed no later than five months from the February 26, 2021 pretrial conference (July 26, 2021). If the New York Court of Appeals in** *Home Equity Mtge. Trust v. DLJ Mtge. Capital, Inc.* **(APL-2019-00247) ("*HEMT 2006-1*") were to reject the use of sampling to prove liability and damages in an RMBS case, however, the Trustee believes the parties would require significantly more time to complete fact discovery. Goldman Sachs believes that the proposed case schedule does not depend on sampling. The unique complexities of discovery in this case are described in the accompanying joint letter of counsel.**

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

   a. Initial requests for production of documents shall be served by
      **N/A – the parties have already served their initial requests for production.**

   b. Interrogatories shall be served by **30 days before the close of fact discovery**.

   c. Depositions shall be completed by **the close of fact discovery**.

   d. Requests to admit shall be served by **30 days before the close of fact discovery**.

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by **19 months after the close of fact discovery (December 22, 2023).**

   **If the New York Court of Appeals in *HEMT 2006-1* were to reject the use of sampling to prove liability and damages in an RMBS case, however, the Trustee believes the parties would require significantly more time to complete expert discovery. Goldman Sachs believes that the proposed case schedule does not depend on sampling.**

   **The interim deadlines for expert discovery in this action and the related GSAMP 2007-HE2 action are as follows:**

   a. **The Trustee shall serve its initial expert reports in either this action or the related GSAMP 2007-HE2 action (the "First Expert Reports") by no earlier than ten weeks before the close of fact discovery (March 17, 2022) and no**

Index No. 1:19-cv-02305
[rel. 1:19-cv-02307]

later than the close of fact discovery (August 22, 2022). In the event the close of fact discovery is extended, the parties will negotiate at that time whether or not the date after which the Trustee can file its initial reports should remain or be similarly extended;

b. The Trustee shall serve its initial expert reports in the other action (the "Second Expert Reports") no later than two months after the close of fact discovery;

c. The Trustee shall stagger service of the First Expert Reports and the Second Expert Reports such that the Trustee may not serve the Second Expert Reports until six weeks after service of the First Expert Reports;

d. To the extent the Trustee serves multiple initial expert reports in this action, the Trustee shall serve all of its initial expert reports in this action on the same day. Likewise, the Trustee will serve all of its initial expert reports in the related GSAMP 2007-HE2 action on the same day;

e. The Trustee shall give Goldman Sachs at least one month's notice of the date on which it intends to serve the First Expert Reports and of the action in which those reports will be served;

f. Goldman Sachs' expert reports, whether responsive to the Trustee's initial expert reports or otherwise, shall be due ten months after receipt of the First Expert Reports and of the Second Expert Reports, respectively;

g. The Trustee's reply expert reports, which shall be limited to topics addressed in Goldman Sachs' expert reports, shall be due four months after receipt of Goldman Sachs' expert reports for each action, respectively;

h. Expert depositions in both actions shall be completed within three months after the Trustee serves its reply reports.

Should any interim deadline fall on a weekend or federal holiday, the deadline shall be extended to the following business day. The exceptional circumstances requiring this schedule are described in the accompanying joint letter of counsel.

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

The parties do not agree on an alternative dispute resolution mechanism for this case. The Trustee proposes referral to a Magistrate Judge for a settlement conference at a later date. Goldman Sachs proposes retention of a private mediator at a later date.

    a. ☐ Referral to a Magistrate Judge for a settlement conference.

    b. ☐ Referral to the Southern District's Mediation Program.

3

    c. ☐ Retention of a private mediator.

The parties seek the above-noted referral [now ☐ / at a later date ☑].

Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

[If the parties seek the above-noted referral at a later date:]

Counsel for the parties will submit a letter by **Trustee's position: no later than 30 days after the Trustee serves its opening expert report; Goldman Sachs' position: the parties will coordinate among themselves on the timing of retaining a private mediator,** seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed via ECF at the same time that the Joint Pretrial Report is filed. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is ☐ / is not ☑] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

**As discussed in the joint letter of counsel, the parties intend to submit a stipulation and proposed order establishing that all documents produced in either of the two cases shall be deemed produced in both cases.**

**In addition, the Trustee intends to alert the Court to the following issues:**

a. **The Court of Appeals has scheduled argument in *HEMT 2006-1* for April 27, 2021 regarding the use of sampling in an RMBS putback case. The Trustee proposes that it notify this Court within 30 days of the *HEMT 2006-1* decision whether any of the discovery periods herein require adjustment. As explained in the joint letter, the Trustee believes Goldman Sachs' suggestion to set a briefing schedule on sampling is premature.**

b. **The Trustee seeks the Court's guidance on the parties' impasse regarding certain elements of a negotiated deposition protocol stipulation. First, to avoid duplicative discovery, the Trustee proposes that prior deposition transcripts**

produced in these cases be deemed admissible in these cases. The admissibility of prior transcripts is a threshold issue that will impact the number of depositions the Trustee will require in these actions. Second, the Trustee seeks relief from the deposition limits in Fed. R. Civ. P. 30, but cannot currently accurately assess the number of depositions needed until after it receives and reviews more substantial ESI and email productions from Goldman Sachs. While Goldman Sachs previously stated they would be agreeable to increase the deposition limits to 7 party and 15 total depositions across these two actions, Goldman Sachs now states only that "they are willing to negotiate alternative deposition limits" at some later date. Goldman Sachs references prior deposition limit proposals made by the Trustee of 10 party and 20 total depositions across these actions. Notably those proposals were dependent upon, among other issues, the parties' agreement that all produced prior transcripts would be deemed admissible in these cases. In any event, the Trustee has determined that it must review productions not yet made by Defendants before it can make an accurate deposition limit proposal, but the Trustee expects it will require additional depositions than those previously proposed by Goldman Sachs.

c. The Trustee anticipates that, soon after the initial pretrial conference, it will move to compel Goldman Sachs' production, without further responsiveness review, of non-party productions Goldman Sachs received in *Federal Housing Finance Agency v. Goldman, Sachs & Co.*, No. 11 Civ. 6198 (S.D.N.Y)

**In response, Goldman Sachs states the following:**

a. Goldman Sachs proposes that the Court order briefing on whether the Trustee can use sampling to attempt to establish liability and damages following resolution of the *HEMT 2006-1* appeal. Goldman Sachs proposes that the Trustee's brief in support of sampling be due 45 days after the *HEMT 2006-1* appeal is resolved, Goldman Sachs' brief in opposition to sampling be due 45 days thereafter, and the Trustee's reply brief in further support of sampling be due 15 days after Goldman's opposition brief. After the Court has ruled on sampling, the parties will meet and confer to discuss whether any amendments to the case schedule are necessary.

b. The Trustee's position that the Court must grant relief from the limits set forth in the Federal Rules, and order that an as-yet unknown number of unidentified deposition transcripts are admissible as though taken in these actions, even though the Trustee cannot even say at this point how many depositions it believes it will need, is untenable. The Trustee first proposed a deposition protocol in August 2020, which included proposed limits of 10 party depositions and 20 total depositions. The parties' subsequent negotiations over the protocol all occurred within the context of their competing proposed limits until, during a meet and confer on January 22, 2021, the Trustee stated for the first time that it no longer believed it could propose specific limits. Goldman Sachs remains willing to negotiate a deposition protocol that addresses alternative deposition

Index No. 1:19-cv-02305<br>[rel. 1:19-cv-02307]

**limits and the treatment of produced deposition transcripts, but Goldman Sachs cannot do so without knowing the Trustee's position on deposition limits. The parties should resume negotiations over a protocol, including these two items, when the Trustee feels that it has sufficient information to discuss all of the issues that must be addressed in the protocol.**

Counsel for the Parties:

| | |
|---|---|
| Christopher P. Johnson | Richard A. Jacobsen, Jr. |
| Zachary W. Mazin | John Ansbro |
| Jared S. Siegel | Thomas N. Kidera |
| Daniel I. Hendler | Jennifer C. Lee |
| | |
| MCKOOL SMITH, P.C. | ORRICK, HERRINGTON |
| One Manhattan West |   & SUTCLIFFE LLP |
| 395 Ninth Avenue, 50th Floor | 51 West 52nd Street |
| New York, New York 10001 | New York, New York 10019 |
| Counsel for Plaintiff | Counsel for Defendants |

Index No. 1:19-cv-02305
[rel. 1:19-cv-02307]

  Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

  The next Case Management Conference is scheduled for   July 1, 2022   at   3:15 p.m.  .

  SO ORDERED.

Dated:   February 26, 2021
     New York, New York

                   JUDGE ALISON J. NATHAN
                   United States District Judge

7