# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc., : 11 Civ. 5201 (DLC)

Plaintiff,

v.

UBS AMERICAS, INC., et al.,

Defendants.

---------------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc., : 11 Civ. 6188 (DLC)

Plaintiff,

v.

JPMORGAN CHASE & CO., et al.,

Defendants.

---------------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc., : 11 Civ. 6189 (DLC)

Plaintiff,

v.

HSBC NORTH AMERICA HOLDINGS, INC., et al.,

Defendants.

---------------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc., : 11 Civ. 6190 (DLC)

Plaintiff,

v.

BARCLAYS BANK PLC, et al.,

Defendants.

---------------------------------------------------------------------- x

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

DEUTSCHE BANK AG, et al.,

Defendants.

: 11 Civ. 6192 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

FIRST HORIZON NATIONAL CORP., et al.,

Defendants.

: 11 Civ. 6193 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

BANK OF AMERICA CORP., et al.,

Defendants.

: 11 Civ. 6195 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

CITIGROUP INC., et al.,

Defendants.

: 11 Civ. 6196 (DLC)

---------------------------------------------------------------- x

--------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

GOLDMAN, SACHS & CO., et al.,

Defendants.

11 Civ. 6198 (DLC)

--------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

CREDIT SUISSE HOLDINGS (USA), INC., et al.,

Defendants.

11 Civ. 6200 (DLC)

--------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

NOMURA HOLDING AMERICA, INC., et al.,

Defendants.

11 Civ. 6201 (DLC)

--------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

MERRILL LYNCH & CO., INC., et al.,

Defendants.

11 Civ. 6202(DLC)

--------------------------------------------------------------- x

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

SG AMERICAS, INC., et al.,

Defendants.

11 Civ. 6203 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

MORGAN STANLEY, et al.,

Defendants.

11 Civ. 6739 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

ALLY FINANCIAL INC., et al.,

Defendants.

11 Civ. 7010 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

Plaintiff,

v.

GENERAL ELECTRIC COMPANY, et al.,

Defendants.

11 Civ. 7048 (DLC)

---------------------------------------------------------------- x

# PROTECTIVE ORDER[1]

## 1. PURPOSES AND LIMITATIONS

Discovery requests served in the above-captioned actions (the "Actions") may call for the production of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), personally identifying Non-Party Borrower Information subject to the protection of the Gramm-Leach-Bliley Act and equivalent federal and state laws and regulations, or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting the Actions is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d). The Parties acknowledge that this Order does not confer blanket protections on all discovery. The Parties further acknowledge that this Order shall apply to the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") as if they were Parties hereto.

## 2. DEFINITIONS

2.1 Action(s): the actions listed in the above caption or any one of them.

2.2 Party: any party to an Action, including all of its officers, directors, and employees.

2.3 Non-Party: any entity that is not a named party to an Action, other than Fannie Mae and Freddie Mac.

[1] This Order will apply only to those actions filed by Plaintiff FHFA that are currently pending before this Court or that are transferred or ultimately removed to this Court.

2.4 Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party, Fannie Mae, Freddie Mac, or Non-Party during discovery in these Action(s).

2.5 Confidential Supervisory Material: non-public Unpublished OTS Information as described in 12 C.F.R. § 510.5, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. § 309.6, and supervisory materials of the Office of Federal Housing Enterprise Oversight, the Federal Housing Finance Agency ("FHFA") and the U.S. Department of Housing and Urban Development, and includes, but is not limited to, records concerning supervision, regulation, and examination of banks, savings associations, their holding companies, and affiliates, and records compiled in connection with the enforcement responsibilities of federal financial regulatory agencies, to the extent any of the foregoing information may be permitted to be disclosed in discovery in the Action(s). Confidential Supervisory Material also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Nothing in this Order shall require

production of any Confidential Supervisory Material to the extent that such production is precluded by law.

2.6 Confidential Material: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information).

2.7 Highly Confidential Material: any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential," if the Producing Party reasonably and in good faith believes the Discovery Material contains (i) trade secrets or other information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; or (ii) material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.

2.8 Non-Party Borrower Information: for purposes of this Order, Non-Party Borrower Information shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit

history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. As set forth in Section 19, this Order authorizes the disclosure of such Non-Party Borrower Information in the Action(s).

2.9 Producing Party: any Party, Fannie Mae, Freddie Mac, or Non-Party that produces Discovery Material in an Action.

2.10 Receiving Party: any Party, Fannie Mae, Freddie Mac, or Non-Party that receives Discovery Material from a Producing Party.

2.11 Designating Party: any Party, Fannie Mae, Freddie Mac, or Non-Party that designates Discovery Material it produces as "Confidential" or "Highly Confidential."

2.12 Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential"; *provided, however,* that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.13 Outside Counsel: attorneys, along with their paralegals, and other support personnel assisting with an Action, who are not employees of a Party but who are retained to represent or advise a Party, Fannie Mae, or Freddie Mac in an Action.

2.14 In House Legal Personnel: attorneys and other personnel employed by a Party or by Fannie Mae or Freddie Mac to perform legal functions who are

Case 1:19-cv-12307-PGG-DLC Document 70-5 Filed 05/30/22 Page 10 of 32

responsible for overseeing one or more of the Actions for the Party, Fannie Mae, or Freddie Mac.

2.15 Counsel (without qualifier): Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

2.16 Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to an Action, along with his or her employees and support personnel, who has been retained by a Party, Fannie Mae, or Freddie Mac, or its Counsel, to serve as an expert witness or as a consultant in an Action, and who is not currently an employee of a Party, Fannie Mae, or Freddie Mac and who, at the time of retention, is not anticipated to become an employee of a Party, Fannie Mae, or Freddie Mac. This definition includes a professional jury or trial consultant retained in connection with an Action.

2.17 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with an Action(s).

**4. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Designating Bulk Material for Protection: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "clawback" procedures in this Order (Section 12) or otherwise agreed to. In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential or Highly Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the Action(s), or such other categories as the Parties agree to in writing or the court orders. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Order (*see, e.g.,* Section 5.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the

material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (including transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, and include the confidentiality designation in the metadata produced for such document.

(b) for deposition transcripts and/or exhibits, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate).

(c) for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a

Case 1:19-cv-07048-JMC Document 60-5 Filed 04/07/21 Page 12 of 31

prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.

(d) for documents produced in native format, that the Producing Party include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"), in the metadata produced for such documents and on the placeholder page.

(e) for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

5.3 Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.

If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Meet and Confer: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material by production number. The objecting Party and the Designating Party shall, within ten (10) calendar days after service of the written objections, meet and confer concerning the objection.

6.2 Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party challenging the designation may seek relief from the Court in accordance with its rules and procedures. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall

reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) calendar days of the ruling.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action(s). Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions and transactions at issue in the Action(s). Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of the Action(s), each Receiving Party must comply with the provisions of Section 10, below.

7.1.5 No Party shall rely on the use restriction contained in Section 7.1 to argue that FHFA, Fannie Mae, or Freddie Mac has waived any of its contractual rights and remedies, including the ability to submit a repurchase demand in connection with any mortgage loan underlying any securitization at issue in any of the Actions, though Defendants reserve the right to oppose efforts to enforce any contractual rights and remedies. Receipt of Discovery Material does not waive any right to pursue other claims or contractual remedies, including repurchase demands, or to assert any defense, based on materials other than Discovery Material.

7.2 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3 Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) the Receiving Party;

(b) the Receiving Party's Counsel;

(c) any other Parties to the Action(s) and their Counsel, and, to the extent that such disclosure is reasonably necessary for the Action(s), to current officers, directors, and employees of corporate Parties and FHFA;

(d) former officers, directors, and employees of corporate Parties and FHFA to the extent that such disclosure is reasonably necessary for the Action(s) and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(e) current officers, directors, and employees of Fannie Mae or Freddie Mac;

(f) former officers, directors, and employees of Fannie Mae or Freddie Mac to whom disclosure is reasonably necessary for the Action(s) and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(g) Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action(s) and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any

part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not related to the Action(s);

(h) the Court and its personnel, subject to the requirements of Section 9, below;

(i) special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(j) court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the Action(s);

(k) the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(l) deponents or witnesses in the Action(s), and their Counsel, to the extent that such disclosure is reasonably necessary for the Action(s) and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(m) any other person agreed to by the Designating Party in writing, and

(n) any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.4 <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a) any person permitted to receive Confidential Material identified in paragraph 7.3, except that Highly Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the Receiving Party other than Receiving Party's Counsel, (ii) any current or former director, officer, or employee of any other Party to the Action(s) other than Counsel for any other Parties to the Action(s); or (iii) any current or former director, officer, or employee of Fannie Mae or Freddie Mac other than Fannie Mae or Freddie Mac's Counsel. Notwithstanding the foregoing, Highly Confidential Material may be disclosed to (i) those FHFA employees in the Office of the Director, the Division of Enterprise Regulation, the Division of Examination Programs and Support, the Office of Conservatorship Operations, and the Supervision Committee to whom disclosure is necessary for the prosecution of an Action(s), and (ii) up to five subject matter experts at a federal government or regulatory agency to whom the General Counsel of FHFA or his designee reasonably and in good faith believes that disclosure is necessary for the prosecution of an Action(s), and, with respect to (ii), have

signed the "Agreement To Be Bound By Protective Order" (Exhibit A) prior to receipt of any Highly Confidential Material. Plaintiff shall provide any such signed Exhibit A to Defendants within five (5) business days of execution. For avoidance of doubt, the Parties understand and agree that Highly Confidential Material shall not be used for business advantage or competitive purposes.

(b) deponents or witnesses in the Action(s) who meet the requirements of Section 7.3 above;

(c) any other person to whom the Designating Party agrees to disclose the Highly Confidential Material in writing in advance of the disclosure or on the record at a deposition or Court proceeding in advance of the disclosure;

(d) any other person agreed to by the Designating Party in writing; and

(e) any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure of the Highly Confidential Material is required by law, subject to the requirements of Section 15 below.

7.5 <u>Retention of Exhibit A</u>: Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of all of the Actions, including any appeals, and shall make them available to other Parties upon good cause shown.

7.6 <u>Retention of Protected Material</u>: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, Persons described in Sections 7.3 (d), (f), (i), (j), (k), (l), and (m) who have been shown Confidential Material shall not

retain copies thereof. Persons described in Sections 7.4 (b), (c), or (d) who have been shown Highly Confidential Material shall not retain copies thereof.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, but in any event, not longer than two (2) business days after discovery by counsel of record of the disclosure, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

**9. FILING PROTECTED MATERIAL**

In the event that before trial in any Action(s), or in connection with any hearing in any Action(s) or any matter relating to any Action(s), counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed with a request that the documents be filed under seal in accordance with the rules of the Court, and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be inscribed with the phrase: "Confidential - Subject to Court Order."

Each Party, Fannie Mae, and Freddie Mac, is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be filed under seal in accordance with this Order and the Court's Individual Practices.

**10. FINAL DISPOSITION**

10.1 Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of all of the Actions, including any appeals, each Receiving Party shall undertake reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Producing Party, to destroy all Protected Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken reasonable efforts to destroy or return the Confidential or Highly Confidential documents, except for (1) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation, and that (2) information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party, Fannie Mae, or Freddie Mac has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

10.2 If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the

"[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority. Notwithstanding this provision, as to those materials designated as Confidential or Highly Confidential that constitute counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in any Action, or filed with this Court, counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such counsel otherwise comply with this Order with respect to such retained material. Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

10.3 This Order shall survive the termination of one or more of the Actions, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of one or more of the Actions. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Designating Party or by an Order of the Court for good cause shown.

## 11. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing

Case 1:19-cv-10230-PGG-JLC Document 70-5 Filed 04/07/21 Page 23 of 32

Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

**12. CLAW-BACK OF PRIVILEGED MATERIAL**

12.1 In order to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently or was produced pursuant to subsection 12.4, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back, and the basis of the claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, relied upon in support of its claw-back request.

12.2 Upon notice that a Producing Party wishes to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently or was produced pursuant to subsection 12.4, the Receiving Party shall promptly undertake reasonable efforts to return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things (notwithstanding the final sentence of Section 3 regarding compilations and abstracts reflecting the protected material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return or destroy such disclosed materials, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of receipt of the request. Within twenty-one (21) business days of

the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If a Party has produced documents in another action, investigation or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced.

12.3 If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the Party allows the examination concerning the document to proceed

on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in paragraph 12.1. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

12.4 In order to facilitate expeditious production of voluminous documents, a Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents. The materials that may be so produced shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials

reflecting due diligence on loans at issue in the Action(s), or such other categories as the Parties agree to in writing or the court orders. Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver – in the Action(s) or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.

**13. USE OF DESIGNATED MATERIAL AT TRIAL**

The undersigned agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of any Action not fewer than five (5) calendar days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) calendar days notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

**14. ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to any Action(s) or from relying upon or generally referring to Protected Material in rendering such advice; *provided*, *however*, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## 15. LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any information or items designated in any Action(s) as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law, the Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) calendar days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest

in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in these Actions in accordance with any designation as Protected Material.

**16. NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with the Action(s), shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party, Fannie Mae, or Freddie Mac in connection with any Action(s), the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to any Action(s) and Fannie Mae and Freddie Mac.

**17. NOTICES**

All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

## 18. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## 19. DISCLOSURE OF NON-PARTY BORROWER INFORMATION

To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Producing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action(s). To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, Producing Parties are explicitly prohibited from providing such notice in the Action(s); provided, however, that this Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

**20. MISCELLANEOUS**

20.1 Right to Assert Other Objections: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

20.2 Governing Law: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

# EXHIBIT A

## Agreement to Be Bound by Protective Order

I have been informed that on _________________, 2012, the U.S. District Court for the Southern District of New York entered a protective order in actions filed by the FHFA against various defendants. I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

____________________________________
(Signature)

____________________________________
(Printed Name)

____________________________________
(Title or Position)

____________________________________
(Company)

Dated: ______________________________

**SO ORDERED.**

**Dated:** May 30, **2012**

**Hon. ~~Denise L. Cote~~**
**United States District Judge**