

June 7, 2021

**BY ECF**

The Honorable Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Richard A. Jacobsen

E Rjacobsen@orrick.com
D +1 212 506 3743
F +1 212 506 5151

Re: U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE1 v. Goldman Sachs Mortgage Company and GS Mortgage Securities Corp., No. 1:19-cv-2305-AJN; U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company and GS Mortgage Securities Corp., No. 1:19-cv-2307-AJN

Dear Judge Nathan:

On behalf of Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. (together "Goldman") in the above-captioned actions, we write in response to Plaintiff U.S. Bank National Association's ("Plaintiff") June 7, 2021 request for an extension of the Court's three-page limit in connection with the parties' forthcoming June 9, 2021 joint letter regarding outstanding discovery disputes and Plaintiff's request for leave to file an early summary judgment motion. 19-cv-2305, ECF No. 106; 19-cv-2307, ECF No. 82. Goldman opposes Plaintiff's request for an almost triple expansion of the Court's page limit for two reasons.

First, Goldman's understanding of the Court's request for a conference and joint letter is to resolve the two pending submissions before the Court: the parties' discovery dispute concerning the "range of documents to which U.S. Bank is entitled" from non-party productions in Federal Housing Finance Agency v. Goldman, Sachs & Co., No. 11 Civ. 6198 (S.D.N.Y.), 19-cv-2305, ECF No. 99; 19-cv-2307, ECF No. 75, and Plaintiff's request for an early summary

The Honorable Alison J. Nathan
June 7, 2021
Page 2



judgment motion regarding sampling.  Letter briefing on the discovery dispute was completed on April 19, 2021 and the parties have not appeared before the Court on this issue.  Goldman does not understand the Court to be inviting Plaintiff to raise *any and all* unrelated and premature document disputes at this early juncture, where fact discovery is not set to close for another year.  Three pages is more than sufficient to address the two pending submissions.

Second, no new discovery disputes are ripe for resolution.  Last Thursday afternoon, Plaintiff informed Goldman that it intended to raise *more than a half-dozen* new purported discovery disputes to the Court, even though this was the first time Plaintiff articulated its position on most of those issues.[1]  Indeed, Goldman has repeatedly expressed its willingness to negotiate its proposed search protocol and consider any reasonable counterproposal, but Plaintiff has refused to provide *any* counterproposal or supplemental search terms.  In sum, the driving force behind Plaintiff's request for additional pages is its desire to raise issues that are not ripe for resolution.  Plaintiff's attempt to short-circuit its good faith obligations to meet-and-confer and burden the Court with a panoply of issues on which Plaintiff has only just now stated its position should be denied.[2]

Respectfully submitted,

/s/ *Richard A. Jacobsen*

---

[1]  The current draft of Plaintiff's portion of the joint letter addresses four categories of alleged disputes spanning more than 30 Requests for Production.

[2]  In the event the Court grants Plaintiff's request, Goldman respectfully requests leave to file four double-spaced pages to address its positions in the joint letter.