November 3, 2022

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 705
New York, New York 10007

   Re: *U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE1 v. Goldman Sachs Mortgage Company & GS Mortgage Securities Corp.* (Case No. 1:19-cv-02305) [rel. 1:19-cv-02307] ("*HE1*");

     *U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company & GS Mortgage Securities Corp.* (Case No. 1:19-cv-02307) [rel. 1:19-cv-02305] ("*HE2*," and together with *HE1*, the "Actions")

Dear Judge Gardephe:

  The parties to the above-captioned Actions, Plaintiff U.S. Bank National Association (the "Trustee") and Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corporation (together, "Goldman"), write jointly to update the Court on the status of discovery in the Actions pursuant to the Court's July 26, 2022 Order (*HE1* Dkt. No. 153; *HE2* Dkt. No. 127) and to raise one dispute pursuant to Part IV.E of Your Honor's Individual Rules.  Aside from the issues discussed below, the parties have substantially completed document productions and do not require any extensions or amendments to the operative Amended Civil Case Management Plans in these Actions (*HE1* Dkt. No. 126; *HE2* Dkt. No. 152).

  The parties have met and conferred on many occasions but have reached impasse regarding the Trustee's requests for certain expert reports served in *Federal Housing Finance Agency v. Goldman, Sachs & Co.*, No. 11 Civ. 6198 (S.D.N.Y.) ("*FHFA*").  The attorneys for the Trustee Daniel Hendler, Grant Johnson, and Hal Shimkoski and attorneys for Goldman Jennifer Lee, David Litterine-Kaufman, Nicholas Poli, and Camille Rosca conferred on this issue via telephone most recently on October 28, 2022 and October 31, 2022.  The Trustee also wishes to alert the Court that it may have a second dispute regarding the Trustee's request for documents created by and related to Goldman's "Loan Review Group," but the parties have not yet reached an impasse in negotiations.  The parties will advise the Court if they cannot resolve this issue.

Respectfully submitted,

/s/ Christopher P. Johnson                /s/ Richard A. Jacobsen
Christopher P. Johnson                  Richard A. Jacobsen, Jr.
Counsel for Plaintiff-Trustee              Counsel for Defendants

## TRUSTEE'S STATEMENT

Expert Reports from *FHFA*

      The Trustee respectfully moves the Court to compel Goldman to produce the expert reports it served and received in *FHFA*.  These reports, which covered the loans and trusts at issue in these Actions are probative of a core fact question in these Actions – whether Goldman "discovered" the breaches of representations and warranties at issue here.  The Pooling and Servicing Agreements ("PSAs") governing the *HE1* and *HE2* trusts (the "Trusts") provide that Goldman's repurchase obligation is triggered either when it receives notice of breaching loans or when it independently "discovers" breaching loans.  (*HE1* Dkt. No. 22-1; *HE2* Dkt. No. 25-1). Under New York law, RMBS sponsors are deemed to have "discovered" a breaching loan when they "knew or ***should have known***" of breaches.  *U.S. Bank Nat. Ass'n v. GreenPoint Mortg. Funding, Inc.*, 147 A.D.3d 79, 86 (1st Dep't 2016) (emphasis added); *see also Fixed Income Shares: Series M v. Citibank, N.A.*, 157 A.D.3d 541 (1st Dep't 2018) ("discovery" of breaching loans did not mean "actual knowledge" of breaching loans); *Law Debenture Trust Co. of New York v. WMC Mortg., LLC* No. 3:12-cv-1538, 2017 WL 3401254, at *18 (D. Conn. Aug. 8, 2017) ("knowledge of … breaches … embraces both what the originator knew and what it could have discovered by the exercise of due diligence."); *Deutsche Alt-A Secs. Mortg. Loan Trust v. DB Structured Prods.*, 958 F. Supp. 2d 488, 494 (S.D.N.Y. 2013) ("discovery" in repurchase protocol means "knew, or should have been aware"); *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 920 F. Supp. 2d 475, 512–13 (S.D.N.Y. 2013) (finding "aware" in a repurchase protocol means "constructively aware" or "inquiry notice" (internal quotation marks omitted)).

      In *FHFA*, the U.S. Government sued Goldman for securities fraud it committed while securitizing 40 trusts, including both Trusts here.  Although the legal theory here is different, the core underlying facts are identical:  Goldman dumped thousands of defective loans into these Trusts and others to turn huge profits without concern for its repurchase obligation.  The FHFA retained loan reunderwriting experts who meticulously identified the defects in representative samples of the Trusts' loans.  Goldman, in turn, produced responsive reports addressing the FHFA's experts' assertions.  The FHFA's experts then issued rebuttal reports responding to Goldman's experts.  Goldman should be compelled to produce those reports.  The Trustee's request is not for "cloned discovery"—these reports are unique documents that show what Goldman knew or learned about the at-issue loans during *FHFA*.

      The Trustee expects these reports to establish that Goldman knew or should have known of thousands of defective loans in these Trusts.  *First*, *FHFA* involved the very same loans as are at issue in these Actions.  *Second*, the FHFA's loan sampling exercise provided a scientifically sound method for extrapolating its expert's conclusions regarding the breach rate found in randomly-selected 100-loan samples to the entirety of each of the Trusts.  Although the Trustee will not use sampling to establish Goldman's liability and damages here (*HE1* Dkt. No. 118; *HE2* Dkt. No. 144), there is no reason that Goldman's review in *FHFA* of a representative sample of loans cannot establish Goldman's "discovery" of rampant breaches in the Trusts (which is a mere procedural prerequisite to suit, rather than a substantive condition precedent). *See Law Debenture*, 2017 WL 3401254, at *18 ("knowledge … embraces [what] could have [been] discovered by the exercise of due diligence").

To be clear, the Court need not determine at this point precisely what constitutes "discovery" under the PSAs to resolve this discovery motion. FRCP 26 entitles the Trustee to any information "relevant to [its] claim or defense" and "proportional to the needs of the case." Goldman has articulated no burden to producing these plainly relevant materials.[1]

Goldman asserts it is prohibited from disclosing the *FHFA* expert reports due to the Protective Order in *FHFA*. That is false. The *FHFA* Protective Order requires merely that parties "served with a discovery request" for confidential information notify the designating party within 10 days of the request to provide an opportunity for the designating party to either consent or move to quash. *See FHFA*, Dkt. No. 57 at 26-27. If the designating party fails to oppose production, the receiving party may then produce the confidential information. *Id.* Moreover, the reports would be marked confidential under this case's protective order.

Goldman also contends it need not produce the *FHFA* expert reports because the Trustee can subpoena the FHFA. This argument is neither here nor there. The Trustee seeks both the reports that the FHFA served on Goldman and the reports Goldman served on the FHFA. Both categories of documents are equally in Goldman's possession as in the FHFA's possession. That the Trustee may opt to subpoena the FHFA for the same documents does not absolve Goldman of its obligation to produce relevant documents in its possession.

Finally, *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 25 N.Y.3d 581, 593-94 (2015), ***does not*** hold that the mere passing of six years ends a repurchase obligation. *ACE* held (i) that RMBS claims accrue at closing, not a sponsor's failure to repurchase, and (ii) though timely commenced, that action warranted dismissal because the repurchase period had not expired prior to the action's commencement. Here, the actions were timely under tolling agreements and validly commenced, rendering *ACE* irrelevant. Accordingly, ***any*** document evidencing what Goldman knew or should have known about the quality of the loans is relevant and discoverable.

Goldman's Loan Review Group

The parties are currently negotiating the Trustee's request for documents related to Goldman's "Loan Review Group."[2] The Trustee learned of Goldman's "Loan Review Group" only through reviewing prior Goldman document productions. Although that Loan Review Group was tasked with investigating mortgage loan misrepresentations, including for at least two loans here, Goldman had not identified any Loan Review Group members as ESI custodians. Just as with the *FHFA* expert reports, documents from this Loan Review Group are relevant to what Goldman knew or should have known about the quality of the loans it securitized, including documents that do not mention specific loans at-issue. Goldman disagrees about the scope of relevance of these documents, but has indicated a willingness to negotiate search terms for the Loan Review Group custodians. If the parties cannot agree on a search protocol, the Trustee expects to raise this issue to the Court in the future.

---

[1] Goldman falsely claims that the Trustee's request for expert reports served in *FHFA* is untimely. To the contrary, the Trustee's discovery requests, served on Goldman at nearly the beginning of discovery, plainly cover all *FHFA* expert reports related to the Trusts. (Exs. A and B (Trustee's RFP Nos. 5, 10, 56, 63–65).)

[2] Information related to the Loan Review Group is responsive to a number of the Trustee's discovery requests. (Exs. A and B (Trustee's RFP Nos. 11, 23, 2, 26, & 39).)

# DEFENDANTS' STATEMENT

Expert Reports from *FHFA*

The Trustee's request for expert reports from an unrelated decade-old litigation is improper for at least three reasons: (1) these materials are not relevant to whether Goldman discovered specific breaches in the specific loans underlying the GSAMP 2007-HE1 ("HE1") and GSAMP 2007-HE2 ("HE2") trusts—the only two trusts at issue in this case; (2) the requests constitute impermissible "cloned discovery" that has been repeatedly rejected by courts; and (3) Goldman is legally obligated to maintain the confidentiality of these expert reports.[3]

*First*, the *FHFA* expert reports are irrelevant to whether Goldman "discovered" specific breaches in the HE1 and HE2 loans. As the Trustee admits, the legal theory was different in *FHFA*. In fact, *FHFA* was a securities fraud case in which plaintiff investors brought claims under federal and state blue sky laws in connection with 40 RMBS trusts. The *FHFA* experts addressed issues such as statutory damages calculations, statistical sampling, and whether Goldman made material misstatements/omissions in the offering documents for those 40 trusts.

None of the *FHFA* expert reports are relevant here. Those litigation-driven reports were issued at various points in 2014—more than six years after HE1 and HE2 closed in February and April 2007, respectively. Accordingly, these reports cannot inform what Goldman "discovered" before the deals closed or within their respective six-year anniversaries in 2013, which the Trustee must prove to trigger the repurchase protocol. *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 25 N.Y.3d 581, 593-94 (2015) (holding that the repurchase protocol must be satisfied within six years to "serve the … objectives of finality, certainty and predictability."). The Trustee also misinterprets the parties' tolling agreement. While the toll extended the time period for U.S. Bank to bring a claim, it did not affect the time period in which Goldman's alleged discovery could entitle U.S. Bank to a remedy for a breaching loan.

Additionally, the fact that a plaintiff in another litigation hired a re-underwriting expert to pursue claims in litigation years after the fact has no relevance to whether Goldman "discovered" a breach of a contractual representation and warranty. The Trustee also cannot credibly dispute that economic and statistical principles underlying the sampling and damages reports in *FHFA* have any bearing on whether Goldman discovered an actual breach in an at-issue loan. The Trustee is prohibited from sampling here, and damages calculated pursuant to *statutory formulas* are irrelevant to the *contractually defined* method of calculating damages in this case.

This is true regardless of the standard used to prove "discovery." To be clear, the Trustee's portrayal of the "discovery" standard as "knew or should have known" of breaches

---

[3] As a threshold matter, the Trustee's request for plaintiff FHFA's expert reports is untimely. Nearly 20 months ago, the Trustee issued 61 requests for production, and, as relevant to *FHFA*, sought: (i) "All Documents *[Goldman] produced* in the FHFA Litigation . . . ."; (ii) "All Documents *[Goldman] received* in a production from any nonparty in the FHFA Litigation; and (iii) "All expert reports, declarations, affidavits, and/or opinions that *[Goldman] served* in the FHFA Litigation . . . ." Exs. A & B (RFP Nos. 63-65). None of these requests sought the plaintiff FHFA's expert reports—a fact which the Trustee does not appear to dispute. Instead, the Trustee suggests that RFPs 5, 10, and 56—which do not reference *FHFA* in any respect—encompass broad requests for all expert reports served in *FHFA*. If that were true, then there would have been no reason for the Trustee to issue three RFPs targeted to *FHFA*.

relies on inapposite case law that predates the New York Court of Appeals' holding in *U.S. Bank National Association v. DLJ Mortgage Capital, Inc.*, 38 N.Y.3d 169 (2022), and overlooks numerous decisions from courts in this District recognizing that "the term 'discovery'" in an RMBS repurchase protocol does not "mean 'constructive knowledge' or 'inquiry notice.'" *E.g.*, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 4682220, at *9 (S.D.N.Y. Sept. 28, 2018). Thus, while the interpretation of the discovery standard is not currently before the Court, the text and structure of the agreements condition Goldman's "discovery" of a breach on its attaining actual knowledge of specific breaches in specific loans. The Trustee has not and cannot meet this burden.

*Second*, the Trustee's request seeks impermissible "cloned" discovery of materials produced in prior litigation. *See Capital Ventures Int'l v. J.P. Morgan Mortg. Acquisition Corp.*, 2014 WL 1431124, at *2 (D. Mass. Apr. 14, 2014). Such discovery is only permitted where "the scope and contours of separate lawsuits and discovery demands are the same, or nearly the same." *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, 2012 WL 13135408, at *1 (S.D.N.Y. Mar. 2, 2012). That is not the case here. *FHFA* involved 40 trusts, different legal theories, irrelevant subject matters (such as sampling and statutory damages), and experts that will not testify in this case. The Trustee's request for copy-cat discovery from *FHFA* should be denied. *See HSBC Bank USA, N.A. v. NCUA*, 2020 WL 4597052, at *3 (S.D.N.Y. Aug. 11, 2020) ("[o]pinions offered by experts in different cases about different loans from different originators in different trusts have no probative value in this case, particularly where such experts have no role in the current case.").

*Third*, the Trustee's request is improper because the *FHFA* expert reports are "confidential" pursuant to the *FHFA* protective order (*FHFA*, Doc. 220) and cannot be produced without the FHFA's consent.[4] Absent the FHFA's consent, Goldman is legally obligated to "not produce the requested Protected Material." *Id.* at 26-27. The Second Circuit requires that protective orders be "fully and fairly enforceable" to avoid "undermining a procedural system that has been successfully developed over the years for disposition of civil differences." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979). Goldman has notified the FHFA of the Trustee's request and has asked the FHFA to confirm before the upcoming status conference whether it will object to the production of these reports. If the FHFA timely responds to Goldman's notice, Goldman will update the Court on the FHFA's position at the conference.[5]

### Goldman's Loan Review Group

The Trustee has also requested that Goldman include five individuals involved in a "Loan Review Group" as custodians. Goldman has already agreed to produce documents that hit on the relevant loan numbers for these custodians. The parties are not yet at an impasse on this issue and therefore any Court intervention would be premature.

---

[4] The Trustee argues that Goldman can produce these reports "[i]f the designating party fails to oppose production." But that is only true on "the date designated for production." There is no date designated for production.
[5] Goldman also suggested that the Trustee subpoena the FHFA for these reports. The Trustee has refused to do so.