UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAMP TRUST 2007-HE2,

    Plaintiff,

v.

GOLDMAN SACHS MORTGAGE COMPANY and GS MORTGAGE SECURITIES CORP.,

    Defendants.

Case No. 1:19-cv-02307
[rel. 1:19-cv-02305]

**AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

**JENNIFER E. WILLIS, U.S.M.J.:**

After consultation with counsel for the parties, the Court amends the May 6, 2022 Amended Civil Case Management Plan and Scheduling Order (ECF No. 126) as follows:

1. All parties **do** ☐ / **do not** ☒ consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). (*See* ECF No. 72).

2. This case **is** ☐ / **is not** ☒ to be tried to a jury. (*See* ECF No. 72).

3. No additional parties may be joined except with leave of the Court. (*See* ECF No. 72).

4. A party may not amend its pleadings except with leave of the Court. (*See* ECF No. 72).

5. (*See* ECF No. 72).

6. The parties must complete <u>fact</u> discovery no later than **April 27, 2023. The parties further agree that no additional, formal, Fed. R. Civ. P. 34 requests for production may be served upon a party to this action after June 15, 2022 and that party document productions will be substantially completed no later than October 31, 2022**.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.    Serve initial requests for production of documents by **(n/a, already served)**.

    b.    Serve interrogatories by **60 days after the close of fact discovery (June 26, 2023)**.

    c.    Complete depositions of fact witnesses by **the end of fact discovery**.

        i.    **The parties agree that party depositions may proceed after the deadline for substantial completion of party document production set forth in paragraph 6, except that the Plaintiff-Trustee may also take up to 2 party depositions between August 31, 2022 and October 31, 2022.**

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    **The parties agree that non-party depositions may proceed immediately and need not follow initial party depositions.**

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit no later than **30 days after the conclusion of expert depositions.** ~~60 days after the close of fact discovery (June 26, 2023)~~.

8.    The parties must complete <u>expert</u> discovery no later than **the deadline to complete expert depositions as determined by paragraph 8(b)(viii)**.

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **N/A – Plaintiff shall make its expert disclosures in accordance with the dates identified in Paragraph 8(b)** Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **N/A – Goldman Sachs shall make its expert disclosures in accordance with the dates identified in Paragraph 8(b)**.

    b.    **The interim deadlines for expert discovery in this action and the related GSAMP 2007-HE1 action (the "Actions") are as follows:**

i. **The Trustee shall serve its initial expert reports in either this action or the related GSAMP 2007-HE1 action (the "First Expert Reports") in accordance with the following schedule:**

    a. **If the Trustee re-underwrites, collectively in the Actions, less than 3,000 loans, by no later than October 24, 2023; or**

    b. **If the Trustee re-underwrites, collectively in the Actions, between 3,000 and 3,499 loans, by no later than December 14, 2023; or**

    c. **If the Trustee re-underwrites, collectively in the Actions, between 3,500 and 3,999 loans, by no later than February 14, 2024; or**

    d. **If the Trustee re-underwrites, collectively in the Actions, 4,000 or more loans, by no later than April 14, 2024.**

ii. **The Trustee shall serve its initial expert reports in the other action (the "Second Expert Reports") no later than four months after serving the First Expert Reports;**

iii. **For the avoidance of doubt, the Trustee shall stagger service of the First Expert Reports and the Second Expert Reports such that the Trustee may not serve the Second Expert Reports until two months after service of the First Expert Reports;**

iv. **To the extent the Trustee serves multiple initial expert reports in this action, the Trustee shall serve all of its initial expert reports in this action on the same day. Likewise, the Trustee shall serve all of its initial expert reports in the related GSAMP 2007-HE1 action on the same day;**

v. **The Trustee shall give Goldman Sachs at least one month's notice of the date on which it intends to serve the First Expert Reports and of the action in which those reports will be served. On that same date, the Trustee will identify the number of loans it will re-underwrite in this action and the related GSAMP 2007-HE1 action;**

vi. **Goldman Sachs' expert reports, whether responsive to the Trustee's initial expert reports or otherwise, shall be due on the following schedule:**

    a. **If the Trustee re-underwrites, collectively in the Actions, less than 3,000 loans, 14 months after receipt of the First Expert Reports and of the Second Expert Reports, respectively; or**

    b. If the Trustee re-underwrites, collectively in the Actions, between 3,000 and 3,499 loans, 16 months after receipt of the First Expert Reports and of the Second Expert Reports, respectively; or

    c. If the Trustee re-underwrites, collectively in the Actions, between 3,500 and 3,999 loans, 18 months after receipt of the First Expert Reports and of the Second Expert Reports, respectively; or

    d. If the Trustee re-underwrites, collectively in the Actions, between 4,000 and 4,500 loans, 20 months after receipt of the First Expert Reports and of the Second Expert Reports, respectively.[1]

vii. **The Trustee's reply expert reports, which shall be limited to topics addressed in Goldman Sachs' expert reports, shall be due on the following schedule:**

    a. If the Trustee re-underwrites, collectively in the Actions, 3,000 loans or less, within 6 months after receipt of Goldman Sachs' expert reports for each action, respectively; or

    b. If the Trustee re-underwrites, collectively in the Actions, between 3,000 and 3,499 loans, within 8 months after receipt of Goldman Sachs' expert reports for each action, respectively; or

    c. If the Trustee re-underwrites, collectively in the Actions, between 3,500 and 3,999 loans, within 10 months after receipt of Goldman Sachs' expert reports for each action, respectively; or

    d. If the Trustee re-underwrites, collectively in the Actions, 4,000 or more loans, within 12 months after receipt of Goldman Sachs' expert reports for each action, respectively.

viii. **Expert depositions in both actions shall be completed within three months after the Trustee serves its reply reports further to the Second Expert Reports.**

ix. **Should any interim deadline fall on a weekend or federal holiday, the deadline shall be extended to the following business day.**

---

[1] If the Trustee re-underwrites more than 4,500 loans, the parties will agree upon a revised schedule for service of Goldman Sachs' expert reports and any other affected case deadlines.

      c.      No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

      d.      Plaintiff(s) anticipate expert testimony concerning the following issue(s): **N/A – the Trustee shall make its expert disclosures in accordance with the dates identified in Paragraph 8(b).**

      e.      Defendant(s) anticipate expert testimony concerning the following issue(s): **N/A – Goldman Sachs shall make its expert disclosures in accordance with the dates identified in Paragraph 8(b).**

9. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **30 days after the end of expert discovery**.[2] Opposition letters are due **5 business days later.**

11. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **The Plaintiff-Trustee expects trial will exceed 20 days, but a consolidated trial in these related actions will depend upon the number of mortgage loans the Trustee identifies as allegedly breaching representations and warranties made by Defendant(s) and requiring cure or repurchase under the contracts at issue. Defendants estimate 10 to 20 trial days.**

13. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a Ready Trial Date. At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies

---

[2] Goldman Sachs anticipates seeking permission to file an early summary judgment motion regarding the legal standard for alleged discovery of breaches under the sole remedy provision in the contracts at issue in light of the New York Court of Appeals' recent ruling in *U.S. Bank National Association v. DLJ Mortgage Capital, Inc.*, 2022 WL 801440 (N.Y. Mar. 17, 2022). The Trustee reserves all rights to oppose such a request.

counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

14. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

15. The next pretrial conference is scheduled for _____.

       This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York
      July 20, 2023

SO ORDERED.

_____
Jennifer E. Willis
United States Magistrate Judge