

August 8, 2024

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

<u>**VIA ECF**</u>
Hon. Paul G. Gardephe
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

**Richard A. Jacobsen**

E Rjacobsen@orrick.com
D +1 212 506 3743
F +1 212 506 5151

      Re:    *U.S. Bank National Association, as Trustee of GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company et al.*, No. 19 Civ. 02307 [rel. 19 Civ. 02305]

Dear Judge Gardephe:[1]

      We write on behalf of Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. (collectively, "Goldman Sachs") in response to Plaintiff U.S. Bank National Association's request for a pre-motion conference. More than five years after commencing this litigation, and almost a year after the close of fact discovery, U.S. Bank proposes to move for leave to further amend its complaint for the purpose of evading the contractual prerequisite of loan-specific, pre-suit notice of allegedly breaching loans.

      The Court should not entertain this request, which is contrary to controlling precedent. Specifically, the New York Court of Appeals has held that under New York law, which applies here, the "plain meaning" of a substantively identical contract provision "requires that [U.S. Bank] provide loan-specific pre-suit notice," and that U.S. Bank "cannot rely on the relation back doctrine . . . to avoid the consequences of its failure to comply with the contractual condition precedent. . . ." *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, 38 N.Y.3d 169, 173 (2022) ("*HEAT 2007-1*"). Thus, U.S. Bank's proposed amendment is futile—U.S. Bank cannot satisfy the contractual pre-suit notice requirement by providing belated notice for additional loans post-suit, and then amend its complaint to reflect that fact. Even if U.S. Bank could somehow circumvent this controlling authority, it independently fails to demonstrate cause for

---

[1] Although U.S. Bank addressed its request for a pre-motion conference to Your Honor, Goldman Sachs notes that the Court has referred this case to Magistrate Judge Willis for "General Pretrial" purposes, including "non-dispositive pretrial motions." ECF No. 142. Goldman Sachs defers to the Court as to whether U.S. Bank's proposed motion falls within the existing Order of Reference or should otherwise be referred to Magistrate Judge Willis.

August 8, 2024
Page 2



allowing the amendment. There is no excuse, and none is offered, for U.S. Bank's years-long delay in notifying Goldman Sachs that over 1,500 additional loans supposedly breach representations and warranties in the governing agreements. The operative "good cause" standard for leave to amend, which U.S. Bank's letter fails to acknowledge, does not permit sophisticated litigants to refine and expand their claims at their leisure.

The Court does not need full briefing on this proposed motion and should deny U.S. Bank's request to file an amended complaint.

I.     **Background**

This residential mortgage-backed securities ("RMBS") case concerns GSAMP Trust 2007-HE2, a securitized pool of approximately 5,000 mortgage loans which closed on April 20, 2007, and for which U.S. Bank serves as Trustee. ECF No. 63-1 at 42, 65.[2] At that time, Goldman Sachs, as sponsor, made contractual representations and warranties about characteristics of the underlying loans. *Id.* at 232. The parties also agreed to a "repurchase protocol" that would serve as U.S. Bank's sole and exclusive remedy for any breach of those representations and warranties. The repurchase protocol may be triggered in one of two ways: (1) timely notice by a party to the Pooling and Servicing Agreement, or (2) Goldman Sachs's independent discovery of the breach. *Id.* at 234-36.

U.S. Bank commenced this action on February 21, 2019, nearly 12 years after the transaction closed. Weeks before doing so, and before the limitations period expired,[3] U.S. Bank sent notice identifying 1,041 loans that allegedly breached Goldman Sachs' representations and warranties. In January 2021, U.S. Bank amended its complaint as of right, but did not purport to notice any additional breaching loans beyond the 1,041 loans it had previously identified. *See* ECF No. 63. The following month, the Court entered a scheduling order providing 30 days for the parties to file motions to further amend the pleadings. ECF No. 72 at 2. U.S. Bank did not make a motion during that period or otherwise seek to adjust the scheduling order's provisions governing leave to amend.

On April 26, 2024, U.S. Bank sent Goldman Sachs an additional, post-suit breach notice identifying a total of 2,413 breaching loans and demanding that Goldman Sachs cure or

---

[2] U.S. Bank has filed a related suit concerning a different trust, GSAMP Trust 2007-HE1, docketed as 19 Civ. 02305, in which expert discovery remains ongoing.
[3] Although New York provides a six-year limitations period for breach-of-contract claims, CPLR 213(2), the parties agreed to extend that period through tolling agreements. ECF No. 164 at 4.



August 8, 2024
Page 3

repurchase those loans. In response, Goldman Sachs informed U.S. Bank that the statute of limitations had expired as to repurchase demands associated with these loans. U.S. Bank now seeks leave to amend its complaint so it may treat each one of these 2,413 loans as "noticed," and thereby avoid its burden at trial to prove that Goldman Sachs independently discovered the alleged breaches, which is the alternative means for triggering the repurchase protocol. ECF No. 164 at 1.

**II.     U.S. Bank's Request For Leave To Amend Should Be Summarily Denied**

    **A.     *HEAT 2007-1* Directly Forecloses The Proposed Motion**

U.S. Bank's request and proposed motion should be summarily denied as contrary to the New York Court of Appeals' unequivocal and conclusive instructions in *HEAT 2007-1*. Applying the "plain language of the repurchase protocol," the Court of Appeals held that RMBS trustees must "provide loan-specific pre-suit notice in order to invoke defendant sponsor's repurchase obligation." 38 N.Y.3d at 173-74, 183. The Court further held that U.S. Bank "cannot rely on the relation back doctrine . . . to avoid the consequences of its failure to comply with the contractual condition precedent with respect to the loans in question prior to commencing th[e] action." *Id.* at 173. The Court of Appeals thereby rejected U.S. Bank's attempt to supply post-suit notice in the same manner it now proposes in this case: by attempting to treat as "noticed" alleged breaches affecting loans that U.S. Bank did not identify until years after the transaction closed, well after the limitations period expired and expert discovery commenced, on the theory that the otherwise untimely notice "relates back" to the initial pleading. *Id.* at 173-76.

This Court has already recognized that in this diversity case, it must apply "the law of New York as interpreted by the New York Court of Appeals," ECF No. 118 at 15 (quotation marks omitted), and that law forecloses U.S. Bank's proposed motion. Unable to evade this controlling precedent, U.S. Bank's letter all but ignores it, relegating its discussion to a terse footnote. ECF No. 164 at 2, n.2. According to U.S. Bank, *HEAT 2007-1* does not apply because there was no attempt there to file an amended complaint referencing the additional belatedly "noticed" loans, which had been identified only in an expert's report. U.S. Bank maintains that here, by seeking leave to file an amended complaint, it "proposes to do what was not done in *HEAT 2007-1*." *Id.* This is beside the point.

U.S. Bank does not bother to develop an actual argument for why this procedural distinction would render *HEAT 2007-1*'s holding inoperative, and it plainly would not. It is true



August 8, 2024
Page 4

that the decision contains a paragraph referring to the absence of an "amended complaint" in that case as *one* reason why relation-back was not permitted, but that was not the *only* reason. Instead, the Court clarified that the "relation back doctrine" has "no application here" for an independent reason: that the doctrine cannot "excuse the trustee's failure to comply with the contractual prerequisite to suit." 38 N.Y.3d at 183. Thus, the Court refused to "rewrite the contract by substituting a different, post-suit notice procedure in place of the one chosen by the parties." *Id.*

Indeed, in a recent decision U.S. Bank's letter fails to acknowledge, another New York court rejected an identical attempt by U.S. Bank to distinguish *HEAT 2007-1* on the exact same basis. *See U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, Index No. 653140/2015, 2024 N.Y. Misc. LEXIS 3282, at *4 (N.Y. Cnty. Sup. Ct. July 8, 2024) ("*ABSHE*"). There, as here, U.S. Bank maintained that *HEAT 2007-1*'s "relation-back ruling rested entirely on the absence of an amended complaint" in that case. U.S. Bank's Reply in Support of Mot. for Reargument 10, NYSCEF No. 317, *ABSHE* (Mar. 19, 2024). The *ABSHE* court dismissed that purported distinction and reaffirmed that New York law forbids the "post-suit" notice U.S. Bank proposed there (and now proposes here), even when the plaintiff supplies an amended pleading referencing those notices. 2024 N.Y. Misc. LEXIS 3282, at *4.

For these reasons, U.S. Bank's proposed amendments to include additional "noticed" loans are untimely and ineffective, as under *HEAT 2007-1*, they cannot relate back to the original pleading. U.S. Bank concedes that leave to amend may be denied when the amendment is "futil[e]," ECF No. 164 at 3, and that is plainly so here, as a matter of law.[4] U.S. Bank is not foreclosed from pursuing claims on these loans, but to do so, it must satisfy its burden at trial to establish that Goldman Sachs independently discovered the alleged breaches.

> **B.   Alternatively, Leave To Amend Should Be Denied Based On U.S. Bank's Failure To Demonstrate Good Cause**

Even setting aside *HEAT 2007-1*'s dispositive holding, U.S. Bank has failed to satisfy the "good cause" standard for leave to amend that applies where, as here, "a scheduling order governs amendments to the complaint." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). "In determining whether a movant has satisfied the 'good cause' standard . . . , the

---

[4] U.S. Bank's contentions that its proposed amendments would arise out of the "conduct, transaction, or occurrence" referenced in the original pleading, Fed. R. Civ. P. 15(c)(1), are again beside the point. Even if that were so, it would not excuse the failure to comply with the "contractual prerequisite to suit," as definitively interpreted in *HEAT 2007-1*.



primary consideration is whether the moving party can demonstrate diligence." *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 CIV. 7907 (PGG), 2020 WL 3483632, at *4 (S.D.N.Y. June 26, 2020) (quotation marks omitted).

      U.S. Bank's letter ignores this "good cause" standard entirely, instead addressing only the more permissive standard that applies absent a scheduling order. U.S. Bank has made no attempt whatsoever to show the requisite diligence or otherwise meet its burden. U.S. Bank has not claimed that it was unable to provide notice for all 2,413 loans it now asserts were defective at the time it filed its initial pleading in 2019, at which point it was capable of identifying over 1,000 loans as defective. U.S. Bank's tactical choice to have relied on a now-discredited sampling-and-extrapolation approach at earlier stages of this case, *see* ECF No. 164 at 2, does not justify its delay. And while relieving U.S. Bank of its obligation to prove independent discovery might well "streamline" any trial, *id.*, nothing in the "good cause" standard allows New York law to be disregarded just to make it easier for a plaintiff to prove its case.

                                      \*      \*      \*

      For the foregoing reasons, Goldman Sachs respectfully requests that the Court deny U.S. Bank's letter request, and reserves all rights to oppose the motion if leave to file is granted.

                                      Respectfully submitted,

                                      */s/ Richard Jacobsen*
                                      Richard Jacobsen

cc: All Counsel of Record (via ECF)