# McKool Smith

Zachary W. Mazin
Direct Dial: (212) 402-9414
zmazin@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, NY 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444
www.mckoolsmith.com

January 9, 2025

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

RE: *U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company & GS Mortgage Securities Corp.* (Case No. 1:19-cv-02307) [rel. 1:19-cv-02305]

Dear Judge Gardephe:

On behalf of plaintiff U.S. Bank National Association, in its capacity as trustee (the "Trustee") of GSAMP Trust 2007-HE2 (the "Trust"), we write in response to Goldman's Notice of Supplemental Authority, filed on January 8, 2025 (ECF No. 175, the "Notice").[1] The Notice, filed without leave of the Court, should be disregarded.[2] Should, however, the Court choose to consider the arguments contained in the Notice, the Trustee respectfully requests that the following responses likewise be considered when determining whether to grant the Motion.

Justice Cohen's post-trial opinion in the *HEAT 2007-1* matter sheds no light on the strictly legal issue presently before this Court. Contrary to Goldman's Notice, the post-trial opinion does not "confirm[] that absent pre-suit notice, U.S. Bank may seek repurchase of a loan only if it can prove that the RMBS sponsor independently discovered a breach." (*See* Notice at 1–2.) It merely confirms that, as discussed at length in the Trustee's briefing, the plaintiff-trustee in *HEAT 2007-1*, advised by different counsel, did not follow with respect to 480 loans there the procedure the Trustee followed here: provide the defendant with formal notice of breach and an opportunity to cure, as mandated by the New York Court of Appeals, and then move to amend the complaint.

*Instead*, as Goldman's Notice makes clear, the *HEAT 2007-1* plaintiff "sought permission to voluntarily discontinue its claims on the 480 non-noticed loans without prejudice, provide

[1] Capitalized terms not defined herein take their definitions from the Trustee's memorandum of law dated December 6, 2024 ("Memorandum" or "Mem.") and filed in support of the Trustee's Motion.

[2] Neither the Local Rules nor the Court's Individual Rules of Practice contemplate submission of supplemental authority or sur-replies. Moreover, Goldman's Notice includes argument about *a 2022 decision* that has *no relation* to the post-trial opinion that Goldman submitted. (Notice at 2, citing *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, 209 A.D.3d 553 (1st Dep't 2022).)

post-suit notice, refile its action under N.Y. CPLR 205(a), and then treat the notice precondition as having been satisfied for those loans." (*Id.* at 2.) The First Department rejected that procedure because "CPLR 205(a) does not apply to actions that were voluntarily discontinued" and because the Court of Appeals' decision "was not actually fatal" to the plaintiff's breach claims as to the 480 non-noticed loans, given the plaintiff's allegations of discovery. *U.S. Bank Nat'l Ass'n*, 209 A.D.3d at 553.

Significantly, the First Department *did not interpret the Court of Appeals' HEAT 2007-1 decision as holding that post-suit notice is per se unavailable*, as Goldman contends in its Opposition. If Goldman's interpretation of *HEAT 2007-1* were correct, the First Department would not have even reached the CPLR 205(a) issue.[3]

In short, Goldman's Notice is not just improvident, it is wrong.

Respectfully submitted,

/s/ Zachary W. Mazin

[3] Notably, the downstream effect of the Court of Appeals' ruling and the *HEAT 2007-1* plaintiff's decision to pursue the defendant's independent discovery of breaches was that "tens of thousands of pages of exhibits" and nearly 4,500 pages of post-trial briefing were required – precisely what the Trustee is seeking to avoid by its Motion. (*See* ECF No. 175-1 at 15.) Treating Goldman as "on notice" of all 2,413 Defective Loans will *meaningfully* reduce the trial burden on the parties and the Court.